927 So.2d 146 (2006)
Brian HERLIHY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5203.
District Court of Appeal of Florida, First District.
April 24, 2006.
*147 David Mengers, Ocala, for Appellant.
Charlie Crist, Attorney General; Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Following a jury trial, the appellant, Brian Herlihy, was convicted of manslaughter and sentenced to 15 years' imprisonment. This court affirmed Appellant's conviction and sentence on direct appeal. Herlihy v. State, 887 So.2d 332 (Fla. 1st DCA 2004) (unpublished table opinion). Appellant now challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, arguing his trial counsel was ineffective for failing to request a hearing pursuant to Frye v. United States, 293 F. 1013 (D.C.Cir.1923), challenging the admissibility of evidence relating to "Shaken Baby Syndrome."
In order for an appellant to show ineffective assistance of counsel, the appellant must show that counsel's performance was outside of the wide range of reasonable professional assistance, and that such conduct in fact prejudiced the outcome of the proceedings because, without the conduct, there is a reasonable probability that the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Spencer v. State, 842 So.2d 52 (Fla.2003); Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995); Betts v. State, 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). The trial court properly denied Appellant's motion where he has failed to demonstrate that his counsel's conduct was outside of the wide range of reasonable professional assistance. Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052.
A Frye hearing is appropriate to determine the admissibility of a "new or novel" scientific principle. See Zack v. State, 911 So.2d 1190, 1197-98 (Fla.2005) (citing to Brim v. State, 695 So.2d 268 (Fla.1997)). However, expert opinion testimony "which is based on an `expert's personal experience and training'" is not subject to Frye testing. Gelsthorpe v. Weinstein, M.D., 897 So.2d 504, 509 (Fla. 2d DCA 2005) (citing to Flanagan v. *148 State, 625 So.2d 827, 828 (Fla.1993)). Therefore, a diagnosis based on an expert's opinion and experience, versus a specific scientific test, would not be subject to a Frye hearing. Id. at 510 (stating that expert "testimony concerning the causation of a medical condition will be considered pure opinion testimony  and thus not subject to Frye analysis").
Here, Appellant argues that testimony relating to the diagnosis that the victim suffered from Shaken Baby Syndrome should have been subjected to a Frye hearing. However, such testimony is based on an expert's opinion and, as such, is not evidence which would be subject to the Frye analysis. See Gelsthorpe, 897 So.2d at 510. Therefore, Appellant's counsel was not deficient for failing to request an inappropriate Frye hearing. Cf. Rutherford v. Moore, 774 So.2d 637, 643 (Fla. 2000) (stating that appellate counsel cannot be ineffective for failing to raise a meritless claim). Accordingly, the trial court properly denied Appellant's motion for postconviction relief.
AFFIRMED.
BARFIELD, BROWNING and THOMAS, JJ., concur.